EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s well-reasoned decision, except for its final resolution. The majority correctly notes that “the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.” Ventura, 537 U.S. at 16, 123 S.Ct. 353. However, this case does not present the court with “rare circumstances” that would warrant granting asylum without first remanding the case to the BIA for further review. While the BIA did consider the “changed country conditions,” it did so only in the context of the motion to reopen. The BIA was never given an opportunity to “bring its expertise on the matter; [to] evaluate the evidence; and ... [provide an] informed discussion and analysis” on these changed circumstances as they relate to Zhao’s actual asylum claim. Id. at 17, 123 S.Ct. 353. As a result, the majority has “seriously disregarded the agency’s legally mandated role.” Id. The more prudent and proper approach is to reverse the BIA’s order denying Zhao’s motion to reopen, and to remand the case to the BIA for additional investigation or explanation.
Accordingly, I respectfully DISSENT IN PART.